108 N.J. Super. 186 (1969)
260 A.2d 513
THE STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
IN THE INTEREST OF G.J., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1969.
Decided December 18, 1969.
*187 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. John Cannel, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. George A. Cluff, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney.)
PER CURIAM.
G.J., a 14-year-old girl, was charged with juvenile delinquency for excessive absence from school by complaint filed in the Juvenile and Domestic Relations Court February 5, 1968. The case having been listed on the court's informal calendar (counsel not required; see R.R. 6:9-1 (c)), the girl was adjudged a delinquent and placed on probation on April 8, 1968. In March 1969 G.J. was charged with violation of probation. The court determined that her continued truancy from school constituted a probation violation and it committed her to the State Home for Girls. She is presently a resident of that institution and appeals from the commitment.
The basic ground of appeal is that since (a) the juvenile was not attended by counsel in the original delinquency proceeding, contrary to the requirement of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), for such representation in cases where adjudication is attended by institutional commitment, and (b) the ultimate commitment here was based on violation of the probation fixed by the original determination rather than upon an independent determination of guilt of juvenile delinquency, the commitment is unconstitutional notwithstanding the fact that counsel attended *188 the juvenile on the hearing for violation of probation. See also Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).
Intervening the two proceedings mentioned above, the juvenile on October 14, 1968 was brought before the court for her continued absence from school  a violation of probation. A one-day Menlo Park examination was ordered. She was continued on probation and the Probation Department was ordered to prepare a social examination report for the court. On January 23, 1969 the girl again was brought into court for truancy and thus another violation of probation. The transcript indicates that she was accorded commitment to the State Home for Girls, same being suspended on the basis of her promise that she would attend school. The probation officer was directed to keep the court informed as to any further truancy.
Thus, the March 1969 hearing and determination was the fourth occasion on which the court had for consideration the matter of G.J.'s truancy. This time the case was listed for the formal calendar (counsel required, see R.R. 6:9-1 (c), (d)), and the juvenile was represented by the office of the Public Defender. She was examined by her counsel and by the court, and the court found on sufficient proof that she had been truant from school for part of January and all of February, 1969. In committing her, the court noted that the girl had been warned of the consequences of continued truancy.
While we fully appreciate the technical basis for the juvenile's present claim of unconstitutionality of the commitment, we regard the absence of counsel at the previous hearings as harmless beyond a reasonable doubt and think that she has been visited with no real deprivation in a fundamental sense. The final hearing, at which the girl had counsel, and after which commitment was ordered, was in the substantive, though not the technical sense, that hearing upon whose outcome commitment hung. It is in substance as though the March 1969 hearing were on charges of the *189 January and February truancy, with the court taking into consideration a probation presentence report indicating habitual truancy theretofore. Remand for a rehearing, with counsel, covering all the previous charges of truancy, could not be expected to result in a different outcome and would serve neither the interests of justice nor the child's welfare.
We would suggest, however, that in the future, where a violation of probation has occurred and the original probationary order was imposed on the juvenile without the benefit of counsel at the hearing, the subsequent conduct constituting violation of probation be incorporated in a new complaint charging juvenile delinquency in relation to such conduct, to be heard on the formal calendar with counsel. In such instance, the previous behavior of the juvenile can be incorporated in a predisposition investigation and report for consideration by the court on disposition after adjudication of delinquency. See R. 5:9-1 (f) (effective September 8, 1969). Counsel should be apprised thereof in advance.
Affirmed.