RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1491-15T3

STATE OF NEW JERSEY IN THE
INTEREST OF I.T., a minor.

________________________________________________________________

 Submitted February 14, 2017 – Decided March 7, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Bergen County,
 Docket No. FJ-02-88-15.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alison Perrone, Designated
 Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Catherine A. Foddai,
 Senior Assistant Prosecutor, of counsel and
 on the brief; Matthew Fitzpatrick, Assistant
 Prosecutor, on the brief).

PER CURIAM

 In this appeal from an order adjudicating a juvenile

delinquent and requiring restitution, the juvenile argues that the

court deprived him of his right to counsel. We disagree and

affirm.
 In June 2014, then thirteen-year-old I.T. was charged with

conduct that, if he were adjudicated as an adult, would constitute

fourth-degree theft, N.J.S.A. 2C:20-3.1 I.T. appeared without

counsel before a hearing officer who determined that the State's

evidence proved beyond a reasonable doubt that I.T. committed the

charged act. The hearing officer recommended that I.T.'s sentence

be postponed so he could complete a six-month period of adjustment

(POA) and make restitution. I.T.'s mother, who attended the

hearing, disagreed with the recommendation and asked for review

by the judge assigned to the matter.

 In accordance with I.T.'s mother's request, the matter was

referred to a Family Part judge and scheduled for an informal

hearing to be held on November 18, 2014. I.T. was not represented

by counsel nor did a prosecutor appear on behalf of the State. A

sergeant for the local police department involved with the matter

began his presentation by stating that it was "made clear to the

juvenile and his family that no punitive measures were being

sought." After the judge considered the testimony presented at

the hearing, he found that the State proved beyond a reasonable

doubt that I.T. committed the charged act, but postponed

disposition to allow for a one-year POA. The order of disposition

1
 The facts surrounding the theft are not germane to our
consideration of I.T.'s appeal.

 2 A-1491-15T3
entered by the judge required I.T. to make restitution in the

amount of $675, find and maintain employment, and have no contact

with his victim. The order further stated that "compliance with

the conditions of the [o]rder will result in the matter being

dismissed on November 18, 2015 . . . ."

 By October 2015, I.T. had yet to make restitution. The trial

court re-listed the matter for November 10, 2015, before the same

judge for a hearing. The order scheduling the hearing advised

that the matter was now listed on the court's "formal" calendar

and that I.T. "must be represented by an attorney."

 I.T. appeared at the hearing with counsel. His attorney made

an application for a new trial at which I.T. could be represented

by counsel. After considering the parties' arguments, the judge

denied I.T.'s motion, converted the POA to an adjudication without

committing I.T. or imposing any period of supervisory probation.

The judge entered an order of disposition that stated,

"adjudication of delinquency based on [I.T.'s] failure to pay

court ordered restitution" and required restitution be paid within

thirty days or the restitution amount would be reduced to a civil

judgment.

 This appeal followed.

 On appeal, I.T. contends that his "adjudication of

delinquency must be reversed and the matter remanded for a new

 3 A-1491-15T3
hearing at which [he] is represented by counsel." The State

disagrees and contends that I.T. did not have a "right to the

assistance of counsel at an informal hearing where [he did] not

face commitment or a consequence of magnitude as a potential

disposition."

 We conclude that the juvenile's argument in this case is

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). We add only the following brief

comments.

 A child charged with conduct, which if committed by an adult

would be a crime, is entitled to counsel "at every critical stage

in the proceeding which, in the opinion of the court may result

in the institutional commitment of the juvenile." N.J.S.A. 2A:4A-

39(a). See also State ex rel. P.M.P., 200 N.J. 166, 175-76 (2009)

(citing In re Gault, 387 U.S. 1, 41, 87 S. Ct. 1428, 1451, 18 L.

Ed. 2d 527, 554 (1967)); Pressler & Verniero, Current N.J. Court

Rules, comment 2.2 to R. 5:3-4 (2017) (a juvenile is entitled to

counsel when he is facing "the potential for institutional

commitment or other consequence of magnitude").

 Here, I.T. appeared before the hearing officer and the judge

initially in informal proceedings where he was not facing the

possibility of commitment or any other consequence of magnitude.

A hearing officer cannot recommend incarceration or other

 4 A-1491-15T3
consequence of magnitude, see N.J.S.A. 2A:4A-74(d)(4); State ex

rel. L.R., 382 N.J. Super. 605, 620 (App. Div. 2006), certif.

denied, 189 N.J. 642 (2007), and "[u]nder our rules the juvenile

may not be committed if his case is on the informal calendar"

before a judge. State v. W., 115 N.J. Super. 286, 300 (App. Div.

1971) (citing State v. Interest of G.J., 108 N.J. Super. 186 (App.

Div. 1969), certif. denied, 55 N.J. 447 (1970)), aff'd o.b., State

v. R.W., 61 N.J. 118 (1972). "[A]bsence of counsel at the previous

[informal] hearings [was] harmless beyond a reasonable doubt,"

G.J., supra, 108 N.J. Super. at 188, because I.T. was required to

pay restitution only. He did not suffer a consequence of magnitude

based on a finding following an uncounseled informal hearing.

 Affirmed.

 5 A-1491-15T3